**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 9, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

CHRISTOPHER A. VANHORN,

    Plaintiff - Appellant,

v.

SALVATION ARMY; BLANCHE
RIDING; KELLY F. KELLER; MEGAN
BROWN, in her individual and official
capacity; GREGORY BARNETT, in his
individual and official capacity; TANNER
EDDINGS, in his individual and official
capacity; CHAD HODGE, in his individual
and official capacity; DAVID MARTIN,
in his individual and official capacity;
KEITH DRILL, in his individual and
official capacity; CITY OF MISSION,
KANSAS,

    Defendants - Appellees.

No. 25-3126
(D.C. No. 2:23-CV-02009-DDC-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.

_____

In this appeal we affirm the denial of several postjudgment motions filed by

Christopher VanHorn.

---

[*]Oral argument would not help us decide this appeal, so we have decided it
based on the record and the parties' filings. _See_ Fed. R. App. P. 34(a)(2)(C);
10th Cir. R. 34.1(G). This decision is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited
for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

I

The underlying lawsuit arose from a confrontation at a Salvation Army store. Mr. VanHorn was convicted in Kansas municipal court of disorderly conduct and trespass.

Following his convictions, Mr. VanHorn filed suit in the United States District Court for the District of Kansas against several defendants, including Salvation Army employees, police officers, and the prosecutor and judge involved in his municipal prosecution. *See VanHorn v. Salvation Army*, No. 24-3126, 2026 WL 1257804, at *1–2 & n.3 (10th Cir. May 7, 2026). The district court dismissed the case, and Mr. VanHorn appealed to this court.[1] *Id.* at *2.

While his appeal was pending, he filed 13 motions in district court in less than two months. The motions included one seeking relief from the judgment under Federal Rule of Civil Procedure 60(b) and several others related to it. The district court denied relief, and Mr. VanHorn appeals.[2]

II

We start with Mr. VanHorn's Rule 60(b) motion. The relevant parts of the motion sought relief under Rule 60(b)(3) based on allegations of fraud and

---

[1] The court's judgment is not before us in this appeal, so we do not consider Mr. VanHorn's arguments against it.

[2] Mr. VanHorn represents himself, so we construe his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

misrepresentations, and under Rule 60(b)(4) based on allegations that the judgment was void.[3]

A

Seeking relief under Rule 60(b)(3), Mr. VanHorn claimed that the municipal prosecutor "knowingly suborned perjury," R. vol. III at 12, and "introduced a fabricated notice of appeal" in the state proceedings, *id.* at 18. These actions, Mr. VanHorn argued, amounted to fraud on the court.

The district court denied relief under Rule 60(b)(3) for several reasons. One reason was that Mr. VanHorn alleged fraud on state courts rather than the federal district court. We review the court's decision for an abuse of discretion. *See Thomas v. Parker*, 609 F.3d 1114, 1119 (10th Cir. 2010).

Mr. VanHorn has provided no authority suggesting that Rule 60(b)(3) authorizes relief for fraud on courts other than the one that entered the challenged judgment. Nor are we aware of any.

Still, Mr. VanHorn insists that his fraud-on-the-court claim should have succeeded because the misconduct he alleged "was committed by an adverse party in this federal case" (the prosecutor) and because it "tainted the federal judgment." Aplt. Opening Br. at 3. These arguments miss the point. Without any allegation of fraud or misconduct "directed to the judicial machinery" of the federal district court,

---

[3] The motion also sought relief under Rule 60(b)(6), but the district court declined to consider that request for relief based on its decision to enforce the page limit. We address below the decision to enforce the page limit.

the court acted within its discretion when it rejected Mr. VanHorn's fraud-on-the-court claim. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (internal quotation marks omitted). Having upheld the court's decision on that ground, we need not consider the other reasons it gave to deny relief under Rule 60(b)(3).

To the extent Mr. VanHorn challenges the court's decision to treat his Rule 60(b)(3) argument as a fraud-on-the-court claim, we reject that challenge.[4] In federal district court he repeatedly framed his Rule 60(b)(3) claim as one asserting fraud on the court.

B

Seeking relief under Rule 60(b)(4), Mr. VanHorn claimed below that the district court's judgment was void because of a "lack of subject matter jurisdiction in the state criminal proceedings." R. vol. III at 23. The district court denied relief because Mr. VanHorn never challenged the subject-matter jurisdiction of the *federal* court—the court that entered the challenged judgment. We review the Rule 60(b)(4) decision de novo. *See United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002).

On appeal Mr. VanHorn does not dispute the district court's reasoning. He instead says the court erred by overlooking that a judgment is void not only if the court that entered it lacked jurisdiction but also if the court "acted in a manner inconsistent with due process." *See id.* (internal quotation marks omitted). Although

---

[4] Rule 60(b)(3) provides one mechanism to raise a fraud-on-the-court claim. *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013).

4

Mr. VanHorn's Rule 60(b)(4) claim focused on subject-matter jurisdiction, it did contain some references to due process.  But the possible due-process claims in the motion alleged corruption of the state proceedings, not the federal ones, so there was no showing that the federal court's judgment was void.

For the first time on appeal, Mr. VanHorn contends that the judgment is void because the federal district court refused to hear "allegations of adverse-party misconduct."[5]  Aplt. Opening Br. at 6.  Because he neither raised this contention in his Rule 60(b) motion nor tries to show on appeal that it could succeed under plain-error review, Mr. VanHorn has waived the contention.  *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

### III

Mr. VanHorn challenges the denial of several motions related to the Rule 60(b) motion—a motion for a hearing, a motion to exceed the page limit for the Rule 60(b) motion, motions to supplement, and a motion to compel a response to the allegations in the Rule 60(b) motion.  He also challenges an order staying the deadline to respond to several of his motions.

These challenges fail for two reasons.  First, Mr. VanHorn's opening brief never develops arguments against the reasons the district court gave for its rulings. He has therefore waived any challenge to the court's analysis.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (recognizing that

---

[5] To the extent this argument targets the court's Rule 60(b) order rather than the underlying judgment, we address it in the next section.

inadequately briefed issues will be deemed waived). Second, the record refutes the cursory argument he makes against the rulings collectively. In his view, the court's rulings allowed his misconduct allegations to go "unrebutted and unadjudicated." Aplt. Opening Br. at 4. In effect, he says, the rulings reveal the court's willingness "to tolerate fraud on the federal tribunal itself." *Id.* at 8. Not at all. The court accepted the allegations at face value, but it still concluded that they could not support Rule 60(b) relief.

IV

Before concluding, we briefly address some of the arguments in Mr. VanHorn's reply brief.

The reply brief seeks relief based on a state-court event that occurred after Mr. VanHorn filed his opening brief. That event has no bearing on this appeal, for we "generally limit our review on appeal to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

Also, we reject Mr. VanHorn's contention that we should reverse because the defendants, through inadequate briefing, "forfeited opposition" to his arguments against the Rule 60(b) decision. Aplt. Reply Br. at 11. The defendants, however, have defended the court's Rule 60(b) decision. And in any event, "we treat arguments for *affirming* the district court differently than arguments for *reversing* it." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). Mr. VanHorn's

6

citations to cases declining to consider arguments against a district court's decision offer no support for his position.

*    *    *

We grant Mr. VanHorn's motion to proceed without prepaying costs or fees. We deny his motion to impose sanctions. We grant his motion to supplement the record to the extent it seeks to supplement the record with the following document numbers from the district court's docket: 101, 102, 104, 109, 110, 118, and 120. We direct the Clerk of the Court to supplement the record with those documents and a current docket sheet showing all events on the district court's docket. We deny the motion to supplement the record to the extent it requests additional relief. We deny as moot Mr. VanHorn's motion urging us to take judicial notice of documents that will be part of the supplemented record.

We affirm the district court's postjudgment orders.

Entered for the Court

Harris L Hartz
Circuit Judge